**FAIRVIEW CEMETERY PERPETUAL CARE ASSOCIATION, a Corporation, Plaintiff-Respondent,**

v.

**Forrest WHITWORTH, Stewart Weber, Maxine Nevels, Kenneth Pursley, Carol Lee and Harold Perkins, Individually and on Behalf of Themselves and Other Parties Having an Interest or Concern in the Fairview Cemetery, Defendants-Appellants.**

No. 32443.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1967.

Motion for Rehearing and Modification Denied Oct. 17, 1967.

Charles A. Sheehan, House Springs, for defendants-appellants.

John W. Waller, Sullivan, Thomas J. Briegel, Union, for plaintiff-respondent.

ANDERSON, Presiding Judge.

This action was brought by plaintiff, Fairview Cemetery Perpetual Care Association, on January 27, 1964, against defendants individually having an interest in Fairview Cemetery, and as representatives of others having a like interest. The petition sought to have set aside a prior judgment of the court rendered on May 7, 1963, and, in paragraph 13 thereof, sought a declaration of the rights of the parties with respect to certain matters connected with the interest and use of the cemetery, including the proposition whether or not upon the issuance of conveyances of unused lots

plaintiff had the right to require a charge for perpetual care and maintenance.

Defendant filed a motion to dismiss paragraph 13 of said petition. The grounds stated were that there was no real and substantial controversy between the parties as to the matters alleged therein for the reason that said matters had been agreed upon by the parties and ruled upon by the court in the prior action and was for that reason beyond the jurisdiction of the Court. This motion was sustained in all respects except as to subsections D, E and F of paragraph 13. Defendants thereafter filed an answer pleading, (1) res judicata and (2) lack of justiciable controversy. Trial resulted in a judgment for plaintiff as to the issues tried. Defendants have appealed.

The parts of paragraph 13 which presented the issues at the trial are as follows:

"13. As grantee of the cemetery it is necessary that the Court rule upon and. define the following proposition in order for this matter to be brought to a conclusion, to wit:

\* \* \* \* \* \*

"(d) the proposition as to whether or not this plaintiff is restricted in the issuance of conveyance of unused lots in so far as they require a charge for perpetual care and maintenance.

"(e) the proposition as to whether or not these defendants or others on their behalf can use the cemetery proper for a roadway for construction purposes for an adjoining cemetery.

"(f) the proposition as to whether or not these defendants as organizers of Luebbering Citizens Cemetery Association have the right to post advertisement on an immediately adjoining cemetery to the east of the Fairview Cemetery as 'the new addition,' which is misleading and contrary to the facts as the Fairview Church, its trustees, Fairview Cemetery Perpetual Care

Assn., Inc., and authorities have never authorized any new addition to the Fairview Church Cemetery."

The prior suit which appellants claim to be res judicata was instituted by defendants against plaintiff and resulted in the following consent decree:

"Now on this day the above cause coming on for hearing, and the parties hereto having filed their stipulation for a Consent Judgment in the above cause in this Court, and the Court being fully advised in the premises, it is therefore ordered, adjudged, and decreed by the Court.

"1. That from and after the date of this Order the above named defendants shall not interfere with the real interest and burial rights that the plaintiffs herein and their heirs have in and to those portions of Fairview Cemetery as described in Volume 35, Page 60 and Volume 100, Page 448 of the land records of the County of Franklin, State of Missouri, on file in the Recorder's Office of Franklin County, at Union, Missouri.

"2. That from and after the date of this Order, the defendant is prohibited from taking back and reassigning any grave space in the above portions of Fairview Cemetery, in which the Plaintiffs and their heirs, have a real interest and the defendant is prohibited from imposing any conditions whatsoever upon the plaintiffs and their heirs for their nonparticipation in either the annual donations or perpetual care plans of Fairview Cemetery as outlined in the by-laws of the Fairview Cemetery Perpetual Care Association, a Corporation, but nothing in this Order shall prevent the defendants from soliciting voluntary participation in either the donation or perpetual care plans, but the defendants are not to use duress or impose penalties for the refusal of the plaintiffs and their heirs to participate in either of the aforesaid plans.

"3. That the defendants from and after the date of this Order are hereby enjoined and prohibited from selling the grave space in the unused portion of Fairview Cemetery as indicated Paragraph One above.

"4. That from and after the date of this Order the Plaintiffs and their heirs shall have an easement of ingress and egress over, on and along such portions of the above described cemetery as may be necessary for the Plaintiffs and their heirs in the maintenance and care for the respective grave spaces and the Defendant is hereby prohibited from any interference with the Plaintiffs and their heirs, in the reasonable performance of this private care of the said grave spaces.

"5. That from the date of this Order the present and succeeding trustees of the Fairview Cemetery Perpetual Care Association, a Corporation and their successors and assigns shall be subject to and bound by this Order."

Subsections E and F were disposed of by stipulation of the parties which stipulation was approved and ruled in accordance therewith. As to subsection D the court ruled that plaintiff had the right to provide for a charge for perpetual care and maintenance on the unused lots left in said cemetery that have not been claimed by any person or persons.

Plaintiff is a not for profit corporation organized under Missouri law. Subsequent to its incorporation and on March 15, 1962, plaintiff acquired by deed a parcel of land in Franklin County known as Fairview Church Cemetery. Said conveyance was for the purpose of providing an orderly use of said cemetery, and to provide perpetual care and maintenance of said property. By its constitution and by-laws it is provided that grave spaces in the cemetery shall remain free and may not be sold. This is in accordance with the policy in effect since the cemetery was established. Since taking over the cemetery plaintiff has never

assessed lot owners for any sum for perpetual care but has solicited and received donations from many of them; the amount being $25.00 for each grave space. At the time of the hearing below the total donations for that purpose amounted to $4,080.-00 which sum was invested in Baptist Church Bonds drawing six percent interest. The interest collected on said bonds has been the only amounts expended for the care and maintenance of the cemetery. If a lot owner does not donate the sum solicited plaintiff will maintain the lot without charge. Lot owners are not prohibited from taking care of the lots which they own since plaintiff has never taken over the exclusive control and management of lots now in use or those claimed by any person. There are unused lots in said cemetery that have not been claimed by anyone. These are the lots which plaintiff seeks to impose a charge for perpetual care when conveyed.

Appellants' first point is that since the present action was brought several months after the judgment in the prior action became final, the Court was without jurisdiction to change or modify said prior judgment. The prior judgment was rendered May 7, 1963, and became final 30 days thereafter. The present action was filed January 27, 1964.

We agree with appellant that the trial court could not, in a declaratory judgment action, amend or modify a prior judgment where such judgment is regular on its face, or test its validity in any action where no equitable grounds for such relief are asserted. But that is not what occurred in the present action. In trying the issues raised by paragraph 13d the court was not called upon to amend or modify the prior judgment, or to test its validity. There was a real and substantial controversy between the parties over the effect of the consent judgment upon their rights. This issue related to plaintiff's right to exact a charge for perpetual care and maintenance on lots not claimed by others upon

conveyance of said lots for burial purposes. The court decided the issue in favor of plaintiff. We believe the court's decision was correct. The issue was not settled by the prior judgment. Hence the contention that the court erred in the respects claimed is without merit.

Appellants' second point is that the court erred in setting aside the prior judgment since it was not shown there was irregularity patent upon the face of the record in that case. There is no merit to this contention. The trial court did not set aside the prior judgment. By its decree it resolved a controversy between the parties not settled by the prior judgment.

The judgment appealed from is affirmed.

RUDDY and WOLFE, JJ., concur.